[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FINDINGS
This case was tried to the court. From the evidence, the court makes the following findings: CT Page 6677
 In the late spring or summer of 1997, the plaintiffs were shopping for kitchen and bathroom cabinets for a house they were building;
 The defendant operated a store from which it contracted for the sale of kitchen and bathroom cabinets;
 The plaintiffs went to the defendant's store and told the defendant's manager, Mr. Quinlan, that they had had trouble in the past with cabinets which had particle board weight bearing elements, and that they would only purchase cabinets whose weight bearing elements were made solely of wood;
 After the plaintiffs stated that they would purchase only cabinets whose weight bearing elements were made solely of wood, Mr. Quinlan showed the plaintiffs samples of Cardell Elite cabinets;
 Cardell Elite cabinets have hanging rails, which are the weight bearing elements of those cabinets, which are made of particle board;
 Mr. Quinlan gave the plaintiffs the opportunity to examine the hanging rails of a Cardell Elite cabinet sample, but the plaintiffs did not do so;
 Mr Quinlan did not state to the plaintiffs that Cardell Elite cabinets have particle board hanging rails;
 The plaintiffs did not know that Cardell Elite cabinets have particle board hanging rails, but it was not established by a preponderance of the evidence that Mr. Quinlan was aware of the plaintiffs' ignorance of that fact;
 The plaintiffs contracted to purchase from the defendant Cardell Elite cabinets for their kitchen at a cost of $11,000 and for one of their bathrooms at a cost of $2,000;
 It was an implied term of the parties' contract that the subject cabinets would have weight bearing elements made solely of wood;
The plaintiffs paid to the defendant, at the time the contract was made, one-half the purchase price, that is, $6,500; CT Page 6678
 Subsequently, Cardell Elite cabinets were delivered to the house the plaintiffs were constructing, and shortly thereafter the plaintiffs discovered that those cabinets had particle board hanging rails;
 The plaintiffs notified the defendant, on the day after they discovered that the delivered cabinets had particle board hanging rails, that those cabinets did not comply with their contract and that they rejected all kitchen cabinets which had been delivered to them;
 Because the cabinets delivered to the plaintiffs did not comply with the parties' contract, the plaintiffs were required to spend $427 on their house which they would not otherwise have been required to spend;
 The plaintiff installed the Cardell Elite bathroom cabinets in the house they were building;
 The Cardell Elite kitchen cabinets which were delivered by the defendant have not been installed by the plaintiffs and are now in the plaintiff's house, and the defendant has not returned to the plaintiffs any portion of the $6,500 which the plaintiffs paid to the defendant.
DISCUSSION
Although Mr. Quinlan did not have actual knowledge of the plaintiffs' ignorance of the fact that Cardell Elite cabinets had particle board hanging rails, he should reasonably have known so. Accordingly, the delivery to the plaintiffs of cabinets having particle board hanging rails was a breach of the parties' contract. The plaintiffs are entitled to recover the amount paid by them to the defendant, $6,500, minus the value of the bathroom cabinets which they have installed, $886, minus tax on the bathroom cabinets, $53.00. In addition, the plaintiffs are entitled to recover, as consequential damages, $427 spent by them as a result of the defendant's breach. The plaintiffs shall make the kitchen cabinets delivered to them available to be retrieved by the defendant.
The plaintiffs have not established that the defendant's breach of their contract was intentional, and they have not established that that breach was an unfair or deceptive act under the Connecticut Unfair Trade Practices Act. CT Page 6679
The defendant has not established the elements of its counterclaim.
CONCLUSION
Judgment is entered in favor of the plaintiffs on counts one and two of the complaint to recover $5,933.96 of the defendant, and in favor of the plaintiffs on the defendant's counterclaim. Judgment is entered in favor of the defendant on count three of the complaint. The plaintiffs shall make the kitchen cabinets delivered to them available to be retrieved by the defendant.
G. Levine, J.